UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| CHARITON VET SUPPLY, INC., | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | Case No. 2:08CV47MLM |
|  | ) |  |
| MOBERLY MOTOR COMPANY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION

Before the court is the Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) For Lack of Subject Matter Jurisdiction filed by Defendant Ford Motor Company ("Ford"). Doc. 5. Plaintiff Chariton Vet Supply, Inc. ("Plaintiff") filed a Response. Doc. 8. Ford filed a Reply. Doc. 9. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 13.

## II.
## BACKGROUND

In the Complaint Plaintiff alleges as follows: on September 9, 2004, Plaintiff purchased a new 2005 Ford F350 Truck (the "Truck") from Defendant Moberly Motor Company (the "Dealer"); that the truck was covered by a three year/36,000 mile "Bumper to Bumper Coverage" Warranty (the "Bumper to Bumper Warranty") and a five year/100,000 mile Diesel Engine Warranty (the Five Year Warranty"); that Plaintiff paid $38,094.090 for the Truck; that upon Plaintiff's purchasing the Truck, the Dealer and Ford (jointly "Defendants") were aware of and familiar with Plaintiff's needs and anticipated uses of the Truck; that commencing on February 2, 2006, and continuing until February 25, 2008, Plaintiff was required to take the Truck to be repaired and serviced numerous times because

1

the Truck failed to operate properly and safely; that Plaintiff had the Truck repaired approximately ten different times; that Plaintiff is currently unable to use the Truck for its intended purpose; that Defendant Ford has refused and continues to refuse to negotiate with Plaintiff in good faith to rectify the situation; and that as a result of the Truck's failing to operate properly and safely, Plaintiff has been required to spend approximately $7,000.00 for airline tickets, hotels, and gas and labor for others to retrieve the Truck and to spend approximately $5,808.00 for repairs. Doc. 1, ¶ ¶ 3-16.

In Count I of the Complaint, Plaintiff seeks damages pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq. (the "Warranty Act"). In Count II, Plaintiff alleges Breach of Implied Warranty of Fitness. In Count III, Plaintiff alleges Breach of Implied Warranty of Merchantability. In Count IV, Plaintiff alleges Breach of Express Warranty Under the Uniform Commercial Code. In Count V, Plaintiff alleges Breach of Bilateral Contract. In Count VI, Plaintiff alleges Breach of the Covenant of Good Faith and Fair Dealing. In Count VII, Plaintiff alleges Negligent Misrepresentation. In each Count Plaintiff seeks $50,902 in compensatory damages, punitive damages, attorney fees and costs, prejudgment interest, and any other relief that the court considers proper.

In the pending Motion to Dismiss Ford contends that Plaintiff's claims for actual damages do not satisfy the $50,000 amount in controversy requirement of the Warranty Act, 15 U.S.C. § 2310(c); that, alternatively, Plaintiff is not entitled to punitive damages; and that, therefore, this court does not have jurisdiction. Plaintiff contends that its claim exceeds the $50,000 requirement as it is seeking $50,902 in actual damages as well as punitive damages.

**STANDARD FOR A MOTION TO DISMISS**

Ford contends that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that Plaintiff has failed to satisfy the threshold jurisdictional requirement of the Warranty Act. In regard to the amount in controversy, the Supreme Court held in St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288-90 (1938), as follows:

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal. The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction. Nor does the fact that the complaint discloses the existence of a valid defense to the claim. But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

See also In re Minnesota Mut. Life Ins. Co. Sales Practices Litigation, 346 F.3d 830, 834 (8th Cir. 2003); Missouri v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir.1995) (holding that a Rule 12(b)(1) analysis is applicable to the jurisdictional amount-in-controversy requirement; if the amount alleged is questioned by the defendant, the plaintiff must prove the requisite amount by a preponderance of the evidence; if the court is satisfied to a legal certainty that the requirement has not been met, the court may dismiss for lack of jurisdiction).

The party invoking federal jurisdiction has the burden to prove the requisite amount exists by a preponderance of the evidence. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005); Mountaire Feeds, Inc. v. Argro Impex, S.A., 677 F.2d 651, 653 n.3 (8th Cir. 1982); Piper v. Kassel, 817 F. Supp. 802 (E.D. Mo. 1993).

"'The Court may rely on pleadings and affidavits alone or require that an evidentiary hearing be held.'" Piper, 817 F. Supp. at 804 (quoting Cantrell v. Extradition Corp. of America, 789 F. Supp. 306, 308 (W.D. Mo. 1992)). When the court relies on pleadings and affidavits to make its decision

on a motion to dismiss, the court must view the facts in the light most favorable to the plaintiff. See id. at 804 (citing, Watlow Electric Mfg. Co. v. Patch Rubber Co. 838 F.2d 999, 1000 (8th Cir. 1988)).

## LEGAL FRAMEWORK and DISCUSSION

The Warranty Act "allows a 'consumer' to bring a suit where he claims to be 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act] or under a written warranty, implied warranty, or service contract.'" Schimmer v. Jaguar Cars, Inc., 384 F.3d 402, 405 (7th Cir. 2004) (quoting Voelker v. Porsche Cars N. Am., Inc., 353 F.3d 516, 525 (7th Cir.2003) (quoting 15 U.S.C. § 2310(d)(1)) (internal quotation marks excluded). The Warranty Act, 15 U.S.C. § 2310(d), provides, in relevant part:

> (1) Subject to subsections (a)(3) and (e) of this section, a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief--
>
> (A) in any court of competent jurisdiction in any State or the District of Columbia; or
>
> (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.
> ...
>
> (3) No claim shall be cognizable in a suit brought under paragraph (1)(B) of this subsection--
>
> (A) ... ;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit;

Plaintiff includes seven counts in his Complaint, in all of which he seeks the same relief, including $38,094, which represents the full purchase price of the Truck, and $12,808, which represents the sum expended by Plaintiff as a result of Defendants' conduct. Thus, Plaintiff claims it is entitled to a total of $50,902 in damages. This amount, satisfies the Warranty Act's $50,000 amount

in controversy requirement. Ford contends, however, that Plaintiff is not entitled to a full refund of the purchase price of the Truck. Specifically, Ford contends that under the Warranty Act the value which a plaintiff derived from using the vehicle must be subtracted from the purchase price to determine the amount he plaintiff can recover.

Under the Warranty Act, warranties are either "full" or "limited." Schimmer, 384 F.3d at 405. Remedies for breach of a full warranty include "either a full refund of the purchase price or a replacement of the product if the warrantor cannot remedy defects or malfunctions after reasonable attempts to do so." Id. (citing 15 U.S.C. § 2304). Limited warranties are not subject to § 2304's "substantive remedies" applicable to full warranties. Id. However, where a limited warrant is applicable, the Warranty Act "allows consumers to enforce written and implied warranties in federal court, borrowing state law causes of action." Id. (citing Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 956 (7th Cir.1998)). "In such a case, [the court] looks to state law to determine the remedies available, which in turn" determines whether the Warranty Act's $50,000 amount in controversy requirement is met. Id. (citing Gardynski-Leschuck, 142 F.3d at 956; Boyd v. Homes of Legend, Inc., 188 F.3d 1294, 1298 (11th Cir.1999); MacKenzie v. Chrysler Corp., 607 F.2d 1162, 1166-67 (5th Cir.1979)).

Plaintiff in the matter under consideration does not dispute that the warranties pursuant to which he invokes this court's jurisdiction under the Warranty Act are limited warranties. As such, this court must look to Missouri law to determine the measure of damages. In McCutcheon v. Cape Mobile Home Mart, Inc., 796 S.W.2d 901, 905 (Mo. Ct. App. 1990), the Missouri appellate court held that the measure of damages for breach of warranty is generally "diminution in value." See also Davis Indus. Sales, Inc. v. Workman Const. Co., Inc., 856 S.W.2d 355, 360 (Mo. Ct. App. 1993) (holding that correct measure of damages for breach of warranty is the difference between the value

of the product when the buyer accepted delivery and the value it would have had if it had been as warranted). The measure of damages is the same whether the warranty is express or implied. Id. While Plaintiff contends that the Truck currently has no value, Plaintiff also acknowledges that he purchased the Truck in September 2004 and that the Truck did not require repair until February 2006. As such, even assuming, arguendo, that the Truck currently has no value, the value of the Truck did not decrease due to an alleged breach of warranty or contract until February 2006. McCutcheon, 796 S.W.2d at 905. Further, normal depreciation of the Truck occurred between September 2004 and February 2006.

Moreover, to the extent Plaintiff alleges a breach of contract, the goal of a breach of contract action is to restore the plaintiff to the position in which he would have been absent the breach, rather than to place the plaintiff in a better position.[1] Dubinsky v. U.S. Elevator Corp., 22 S.W.3d 747, 752 (Mo. Ct. App. 2000). "[T]he proper measure of damages in a case of negligent misrepresentation is arrived at by using the 'pecuniary loss rule.'" Hartford Acc. and Indem. Co. v. Contico Intern., Inc., 901 S.W.2d 210, 212 (Mo. Ct. App. 1995). This rule provides that damages recoverable for negligent misrepresentation are:

> those necessary to compensate the plaintiff for the pecuniary loss to him of which the misrepresentation is a legal cause, including
> (a) the difference between the value of what he has received in the transaction and its purchase price or other value for it; and
> (b) pecuniary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

---

[1] Plaintiff alleges breach of express warranty in Count IV. Missouri courts apply contract law to express warranties. See e.g., Benedetto v. GMAC, 2001 US.Dist.Lexis 25289, *11 (W.D. Mo. Apr. 5, 2001). In Count V Plaintiff alleges Breach of Bilateral Contract. In Count VI Plaintiff alleges Breach of Covenant of Good Faith and Fair Dealing. Under Missouri law this duty arises pursuant to a contract and is a "contract remedy." See Koger v. Hartford Life Ins. Co., 28 S.W.3d 405, 412, 416 (Mo. Ct. App. 2000) ("[E]very contract imposes this duty to prevent one party from using express contract terms in such a way as to evade the spirit of the transaction or to deny a party an expected contract benefit.").

Id. (quoting Restatement (Second) of Torts Section 552B, (1977)).

Plaintiff benefitted from the use of the Truck until February 2006. If Plaintiff were to recover the full purchase price of the Truck it would be placed in a better position than it otherwise would have been had not Defendants breached; Plaintiff would recover more than its pecuniary loss. See Dubinsky, 22 S.W.3d at 752; Hartford, 901 S.W.2d at 212; Davis, 856 S.W.2d at 360. The court finds, therefore, that Plaintiff is not entitled to recover the full purchase price of the Truck. Further assuming, arguendo, that Plaintiff is entitled to recover consequential damages of $12,808, Plaintiff's damages do not satisfy the $50,000 requirement of the Warranty Act.[2]

Plaintiff contends that the jurisdictional requisite of $50,000 is nonetheless met because it is entitled to punitive damages. Punitive damages are recoverable under the Warranty Act if they are recoverable under the applicable State law. Hughes v. Segal Enterprises, Inc., 627 F. Supp. 1231, 1238 (W.D. Ark. 1986). Generally, under Missouri law an award of punitive damages requires a "wilful, wanton or malicious culpable mental state." May v. AOG Holding Corp., 810 S.W.2d 655, 660 n.1 (Mo. Ct. App. 1991).

In Counts II and III Plaintiff alleges breach of Implied Warranty of Fitness and Merchantability, respectively. 35 MOPRAC § 9:12 states as follows:

7. Punitive Damages

a. Ordinarily, punitive damages cannot be awarded in a breach of contract action. However, because breach of implied warranty actions are not contract actions as such, punitive damages may be recoverable if the plaintiff can prove that the defendant knew of the defect and showed complete indifference to or conscious disregard for the safety of others. Compare Hoover's Dairy, Inc. v. Mid-America Dairymen, Inc./Special Products, Inc., 700 S.W.2d 426 (Mo. 1985), with Groppel Co., Inc. v. U. S. Gypsum Co., 616 S.W.2d 49, 32 U.C.C. Rep. Serv. 35 (Mo. Ct. App. E.D. 1981).

---

[2] Missouri law provides that the remedy for breach of express or implied warranty includes incidental and consequential damages. V.A.M.S. § 400.2-715(1) and (2).

Plaintiff in the matter under consideration does not allege in Counts II or III that Defendants showed complete indifference to or consciously disregarded the safety of others or the alleged defective condition of the Truck. As such, the court finds that Plaintiff is not entitled to punitive damages based on Breach of Implied Warranty of Fitness or Merchantability.

In Count IV Plaintiff alleges Breach of Express Warranty. Missouri courts apply contract law to express warranties. See e.g., Benedetto v. GMAC, 2001 US.Dist.Lexis 25289, *11 (W.D. Mo. April 5, 2001). As stated above, "[t]he general rule is that punitive damages may not be recovered in breach of contract actions." Peterson v. Cont'l Boiler Works, Inc., 783 S.W.2d 896, 902 (Mo. 1990) (citations omitted). "'There have been recognized a few exceptions to the above rule [prohibiting punitive damages in breach of contact cases.'" Id. (quoting Williams v. Kansas City Pub. Serv. Co., 294 S.W.2d 36, 40 (Mo.1956)). One exception is found "'where the breach amounts to an independent, willful tort and [where] there are proper allegations of malice, wantonness, or oppression.'" Id. (quoting Williams, 294 S.W.2d at 40). "A second exception permits recovery of punitive damages when the breach of contract is coupled with violations of a fiduciary duty." Id. at 903 (citing Brown v. Coates, 253 F.2d 36 (D.C. Cir. 1958)). Moreover, to recover punitive damages for a breach of contract a plaintiff must specifically plead either or both of these exceptions. Id. at 904. In Count IV Plaintiff does not allege either malice, wantonness, or oppression or that Defendants had a fiduciary duty. As such, the court finds that Plaintiff is not entitled to recover punitive damages based on Breach of Express Warranty.

In Count V Plaintiff alleges Breach of Bilateral Contract and in Count VI alleges Breach of the Covenant of Good Faith and Fair Dealing, the latter of which is a cause of action based on contract. See Koger v. Hartford Life Ins. Co., 28 S.W.3d 405, 412, 416 (Mo. Ct. App. 2000). As stated above, rule in Missouri is that punitive damages may not be recovered for a breach of contract,

although there are exceptions. See Peterson, 783 S.W.2d at 902-904. See also Grabinski v. Blue Springs Ford Sales, Inc., 203 F.3d 1024, 1027 (8th Cir. 2007) (holding that punitive damages were properly awarded where the plaintiff was defrauded by intentional concealment of prior damage to a vehicle). In Counts V and VI Plaintiff does not allege that Defendants' conduct was either intentional, willful, wanton, malicious, or outrageous nor does Plaintiff allege that Defendants had a fiduciary duty. As such, the court finds that Plaintiff is not entitled to recover punitive damages based on Breach of Bilateral Contract or Breach of the Covenant of Good Faith and Fair Dealing.

In Count VII Plaintiff alleges negligent misrepresentation. "Ordinarily punitive damages are not recoverable in an action for negligence because negligence, an omission of the duty to exercise care, is the antithesis of willful or intentional conduct. An act or omission, though properly characterized as negligent, may manifest such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted." May, 810 S.W.2d at 661. See also Hoover's Dairy, Inc. v. Mid America Dairymen, Inc., 700 S.W.2d 426, 435 (Mo. 1985). In any case, "exemplary damages based on negligence, require[] a finding of outrageousness." May, 810 S.W.2d at 600 n.2. As stated by the Missouri court in Hoover's Dairy, 700 S.W.2d at 435:

> [A]n act or omission, though properly characterized as negligent, may manifest such reckless indifference to the rights of others that the law will imply that an injury resulting from it was intentionally inflicted. [citations omitted]. Or there may be conscious negligence tantamount to intentional wrongdoing, as where the person doing the act or failing to act must be conscious of his conduct, and, though having no specific intent to injure, must be conscious, from his knowledge of surrounding circumstances and existing conditions, that his conduct will naturally or probably result in injury. [citations omitted].

(quoting Sharp v. Robberson, 495 S.W.2d 394, 397 (Mo. banc 1973)). See e.g., Scott v. Blue Springs Ford Sales, Inc., 215 S.W.3d 145 (Mo. Ct. App. 2006) (awarding punitive damages on claim of negligent misrepresentation as to the undisclosed condition of a car at the time of sale; the car had previously been wrecked).

9

Plaintiff in the matter under consideration does not allege that Defendants' conduct was outrageous, willful, or intentional. Rather, Plaintiff alleges in Count VII, Negligent Misrepresentation, that "Defendants' representations [were] either false or Defendants did not know whether said representations [were] true or false." Compl. ¶ 58. As such, the court finds that Plaintiff is not entitled to punitive damages based on Negligent Misrepresentation. Under such circumstances, Plaintiff has not met its burden, upon being challenged, that its damages meet the $50,000 amount in controversy requirement of the Warranty Act. See Rasmussen, 410 F.3d at 1031; Mountaire, 677 F.2d at 653 n.3. Further, it appears to a legal certainty that Plaintiff's claim is for less than the threshold jurisdictional amount of the Warranty Act. St. Paul Mercury, 303 U.S. at 288-90. The court finds, therefore, that Ford's Motion to Dismiss should be granted. See Fed. R. Civ. P. 12(b)(1).[3]

## CONCLUSION

---

[3] In support of its position that punitive damages may be recovered pursuant to a claim for negligent misrepresentation, Plaintiff cites Williams v. Finance Plaza, Inc., 78 S.W.3d 175 (Mo. Ct. App. 2002). Williams is distinguishable from the matter under consideration, however, because the plaintiff in Williams brought that cause of action pursuant to the Federal Odometer Act which provides that a person who "violates the Act with intent to defraud is liable for three times the actual damages or $1,500, whichever is greater." 49 U.S.C. § 32710(a) (1997). The plaintiff in Williams, moreover, alleged *fraudulent* misrepresentation as well as negligent misrepresentation. Additionally, in Carpenter v. Chrysler Corporation, 853 S.W.2d 346 (Mo. Ct. App. 1993), cited by Plaintiff, punitive damages were awarded where the defendant committed *fraud* and breach of warranty. Plaintiff in the matter under consideration does not specifically allege fraud nor does it allege the elements of fraud.

For the reasons articulated above the court finds that the Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) for Lack of Subject Matter Jurisdiction filed by Defendant Ford Motor Company is **GRANTED**. Doc. 5.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 15th day of April, 2009.